## JOHN MILLER v. RICHARD L. OWENS.[1]

### June 21, 1918.

### No. 20,869.

**Work and labor — finding sustained by evidence.**
The evidence sustains the finding assailed.

Action in the municipal court of Minneapolis to recover a balance of $120.30 for services. The facts are stated in the opinion. The case was

[1]Reported in 168 N. W. 50.

tried before Montgomery, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*J. A. Mansfield,* for appellant.

*Wright & Wright,* for respondent.

PER CURIAM.

In this action for wages, the court found that between February 1, 1914, and October 18, 1916, plaintiff performed services as a bookkeeper, at an agreed salary of $10 per month, and there was an unpaid balance due and owing plaintiff on account of such services in the sum of $120.30. Judgment was entered accordingly, from which defendant appeals.

The only error assigned is, that the above finding is not sustained by the evidence. It is difficult to see how any other finding could have been arrived at. The employment and amount of the agreed monthly wage was admitted; nor was the time that plaintiff remained in the service disputed. During the employment defendant visited the place of business wherein plaintiff rendered his services daily. The statements which it was his duty to submit to defendant were submitted monthly and sometimes weekly. The answer contains a so-called counterclaim based on the alleged facts that these statements were incorrect and did not truly disclose the state of the business; that in truth there was a loss instead of a profit as therein indicated; that the work done by plaintiff was entirely worthless; and a recovery was asked for all the money paid as wages, and, apparently, for $35.03 additional. There was no finding as to this alleged counterclaim, and no request for a finding. But that aside, the evidence wholly fails to substantiate the answer whether considered as a counterclaim or as a defense. It is too late, after the lapse of almost three years' service, to come and assert it to have been worthless, when it was accepted, without serious complaint, during all that time, and with opportunity to know what kind of work was being done by plaintiff. There is not the faintest attempt to prove any damage or loss to defendant through any act or omission of duty by plaintiff.

The appeal is without merit.

Judgment affirmed.